IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Case No.: 18-CV-02658-WJM-SKC

**GIROLAMO FRANCESCO MESSERI,**

        **Plaintiff,**

v.

**UNIVERSITY OF COLORADO, BOULDER (through its Board, the Regents of the University of Colorado, a body corporate), PHILIP P. DISTEFANO, individually and in his official capacity as Chancellor of the University of Colorado, Boulder, VALERIE SIMONS, individually, REGINA TIRELLA, individually, JESSICA POLINI, individually, LAUREN HASSELBACHER, individually, CAROLE CAPSALIS, individually, JOHN THOMAS GALLOWAY, individually, and AGNIESZKA LYNCH, individually.**

        **Defendants.**

**DECLARATION OF ANDREW T. MILTENBERG, ESQ. IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

        **ANDREW T. MILTENBERG**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

    1.    I am a Member of the law firm of Nesenoff & Miltenberg, LLP (the "Firm"), counsel for Plaintiff Girolamo Messeri ("Plaintiff") in the above-captioned action and, as such, I am fully familiar with the facts and circumstances set forth herein.

    2.    I submit this declaration in support of the Firm's motion to be relieved as counsel for Plaintiff.

    3.    Plaintiff owes the firm a total of $61,979.12. The outstanding balance dates as far back as November 2018, for work performed in October 2018. Plaintiff's father has assumed responsibility for payment of Plaintiff's legal fees, costs and disbursements. A copy of the client

ledger is attached as **Exhibit 1**.

4. Plaintiff's father first promised to pay the then-outstanding balance on January 24, 2019.

5. On February 15, 2019, Plaintiff's father informed me that he would be sending a partial payment of the bill then due and owing and would make two additional payments in the near future. He promised to let my billing manager know when he planned to send the payments for the remaining balance.

6. On February 21, 2019, after the first partial payment had not yet been received, my billing manager reached out to Plaintiff's father once again and asked when payment would be received. He promised to send two payments by wire transfer of $5,000 each and pay the remaining balance when he was able.

7. On March 15, 2019, Plaintiff's father informed me that he intended to make a wire transfer of $20,000 to the Firm.

8. After no payments, partial or otherwise, had been received towards the growing balance, my billing manager reached out to Plaintiff's father and once again asked when the Firm could expect any of the previously promised payments. He told her that the first payment—originally promised on February 15, 2019—would be received the following week,

9. Despite the lack of payment, the Firm continued to conduct certain necessary work on the matter in order to keep the case moving forward, such as serving subpoenas and discovery requests, and communicating with Defendants' counsel in regard to deposition scheduling and discovery issues.

10. On March 25, 2019, Plaintiff's father was notified that the Firm would have to stop work on the matter until all promised payments were received. No payments were received.

11. On April 4, 2019, I informed Plaintiff's father that if Plaintiff's account was not brought current by April 10, 2019, the Firm would make an application to the Court to be relieved as counsel due to nonpayment.

12. On April 5, 2019, Plaintiff's father asked for one more week, or until April 18, 2019, to which I agreed. On April 18, 2019, he told me that payment would be received by April 23, 2019.

13. Despite the lack of payment, the Firm continued to take necessary steps such as conferring with opposing counsel on discovery issues and submitting the status report due on April 19, 2019.

14. To date, no payments have been received. Plaintiff's father, unfortunately. The balance on Plaintiff's account is substantial and, at this point, the matter has become irreconcilable. The repeated promises, and subsequent failures to send even a partial payment has undercut the attorney-client relationship.

15. As discovery now proceeds to document production and depositions, significant time and expenses will accrue. The Firm cannot outlay the requisite time and costs while carrying such a large balance for work already performed. It would be an unreasonable financial burden on the Firm to have to continue in this matter without getting paid, especially since we are unable to communicate in a meaningful way with our client about payment of the outstanding fees. That the attorney-client relationship has deteriorated in this way, despite all efforts to avoid making this motion, is surely disappointing.

16. At this point in the litigation, with a pending motion to dismiss and the bulk of discovery--and all depositions--yet to occur, Plaintiff would suffer no material, adverse consequences as a result of the Firm's withdrawal.

4

17. No prior application has been made for the relief sought herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 1st day of May 2019.

                                                s/ Andrew T. Miltenberg  
                                                Andrew T. Miltenberg