IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2658-WJM-SKC

GIROLAMO FRANCESCO MESSERI,

    Plaintiff,

v.

PHILIP P. DISTEFANO, in his official capacity as Chancellor of the University of Colorado, Boulder,

    Defendant.

## ORDER GRANTING DEFENDANT'S RULE 702 MOTION

Plaintiff Girolamo Messeri was expelled from the University of Colorado at Boulder in November 2016 after the University concluded that he had non-consensual sexual contact with a woman, identified only as Jane Doe.  (ECF No. 12 ¶¶ 119, 132.) Plaintiff sues Chancellor Philip DiStefano in his official capacity, asserting various theories about how the University violated Plaintiff's procedural and substantive due process rights.  (*Id.* at 32–62.)  Plaintiff seeks damages and injunctive relief, including a Court order that the University remove any record of Plaintiff's expulsion from his education file or transcript.  (*Id.* at 62–64.)

Before the Court is Defendant's Motion to Exclude Expert Testimony, in which Defendant seeks to exclude the testimony of Plaintiff's expert, Robert David (KC) Johnson.  (ECF No. 87.)  Defendant filed this Motion on March 27, 2020, stating that "Counsel for Defendant[] has conferred with counsel for Plaintiff, who opposes."  (*Id.* at

1.)  Plaintiff therefore had until April 17, 2020, to file a response.  See D.C.COLO.LCivR 7.1(d).  Plaintiff did not file a timely response or request an extension of the deadline, nor has he since filed any response to the Motion.

If a party fails to respond to a contested motion, the Court may deem the motion confessed.  See, e.g., Zinna v. Bd. of Cnty. Comm'rs of the Cnty. of Jefferson, 250 F.R.D. 527, 529 (D. Colo. 2007); Order Granting Defendants' Rule 702 Motion, Dedmon v. Cont'l Airlines, Inc., 13-cv-005 (D. Colo. Aug. 11, 2015), ECF No. 119.

Moreover, it is well-established that "[t]he proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009).  Because Plaintiff did not respond to the Motion, Plaintiff—the proponent of the expert testimony—has failed to establish that Professor Johnson is qualified to opine on matters relating to this litigation.[1]

The Court accordingly deems Plaintiff to have confessed to the Rule 702 Motion and ORDERS as follows:

---

[1]  Notwithstanding Plaintiff's failure to respond, the Court has concerns about the relevance of Professor Johnson's opinions regarding the history of Title IX and recent campus disciplinary proceedings in light of the fact that the Court dismissed Plaintiff's Title IX claim. (ECF No. 59 at 27–34.)  See McKenzie v. Benton, 388 F.3d 1342, 1351–52 (10th Cir. 2004) (Because Rule 702 requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue . . . [e]xpert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful.").

Moreover, the Court is without evidence from which it could conclude that Professor Johnson, a history professor whose scholarly background focuses on the history of Congress and procedure, is an expert on the constitutional procedural protections due to students accused of sexual assault in campus disciplinary proceedings.  Cf. Order, Doe v. Rollins Coll., 6:18-cv-1069 (Jan. 7, 2020), ECF No. 109 at 7 (concluding plaintiff failed to show that Professor Johnson was qualified to opine on the gender bias and fairness of school's disciplinary procedures).

1. Defendant's Motion to Exclude Expert Testimony (ECF No. 87) is GRANTED; and

2. Plaintiff's anticipated expert testimony from Robert David (KC) Johnson is EXCLUDED.

Dated this 30th day of October, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge